UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN NELSON MURRAY,

Petitioner-Appellee,

v.

JERRY HOWELL, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

Respondents-Appellants.

No.    21-15104

D.C. No.
2:12-cv-02212-RFB-VCF
District of Nevada,
Las Vegas

ORDER

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,* District Judge.

The memorandum disposition in the above-captioned matter filed on May

24, 2022, is amended as follows:

The paragraph on Page 4, lines 3-12, currently reads:

We also reject Petitioner's argument that his ineffective assistance of trial
counsel claim (ground two) can overcome the default of his ground one
substantive due process claim.  The Nevada Supreme Court dismissed the
ineffective assistance claim on its merits.  Accordingly, our review is doubly
deferential, *Harrington v. Richter*, 562 U.S. 86, 105 (2011), and "relief may
be granted only if the state-court decision unreasonably applied the more
general standard for ineffective-assistance-of-counsel claims established by
*Strickland [v. Washington*, 466 U.S. 668 (1984)]," *Knowles v. Mirzayance*,
556 U.S. 111, 122 (2009). Here, Petitioner fails to argue, let alone
demonstrate, that the Nevada Supreme Court unreasonably applied
*Strickland* to his ineffective assistance of trial counsel claim.

---

*       The Honorable Jennifer G. Zipps, United States District Judge for the
District of Arizona, sitting by designation.

That language is deleted and is replaced with the following language:

We also reject Petitioner's argument that his ineffective assistance of *trial* counsel claim (ground two) can overcome the default of his ground one substantive due process claim. Even under de novo review, our analysis of counsel's performance is deferential, for "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Visciotti v. Martel*, 862 F.3d 749, 769 (9th Cir. 2016) (internal quotation marks and citation omitted). Applying these standards, we agree with the Nevada court's conclusion that trial counsel's decision to enter into the agreed stipulation did not fall below an objective standard of reasonableness. The stipulation prevented the jury from learning about Petitioner's prior DUI convictions, which would have been devastating to Petitioner at trial. Petitioner was personally canvassed about the stipulation and stated that he understood it and had discussed it with his attorneys. The stipulation was entered into as a result of Petitioner's counsel's efforts to sever the charges for trial. Although the stipulation had the effect of waiving Petitioner's right to jury trial on one charge, under the circumstances, the waiver could be sound trial strategy. *See id.* at 770 (rejecting claim of ineffective assistance of counsel on de novo review because, even though courts have recognized that defense counsel's failure to object to exclusion of public during jury selection constitutes ineffective assistance of counsel, those court decisions "do not foreclose the possibility that in specific instances, counsel's choice not to object to closure of trial proceedings might be sound trial strategy.").

The panel has unanimously voted to deny the petition for panel rehearing. Judges Gould and Rawlinson have voted to deny the petition for rehearing en banc, and Judge Zipps has so recommended. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for panel rehearing and the petition for rehearing en banc are denied.

//

2

No future petitions for rehearing or rehearing en banc will be entertained.

**IT IS SO ORDERED.**

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN NELSON MURRAY, | No. 21-15104 |
| Petitioner-Appellee, | D.C. No. 2:12-cv-02212-RFB-VCF |
| v. | |
| JERRY HOWELL, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | AMENDED MEMORANDUM* |
| Respondents-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ZIPPS,** District Judge.

The State of Nevada appeals the district court's order granting Petitioner

Steven Murray habeas corpus relief under 28 U.S.C. § 2254 on grounds one and

three of his amended petition. We have jurisdiction under 28 U.S.C. §§ 1291 and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

2253, and we reverse.

The parties agree that Petitioner's ground one claim of involuntary jury waiver was procedurally defaulted. The issue presented in this appeal is whether Petitioner's ineffective assistance of counsel claims in ground two (trial counsel) and ground three (appellate counsel) provide cause to excuse the default. We conclude that they do not.

Petitioner's claim of ineffective assistance of appellate counsel cannot serve as cause to overcome the default of ground one because Petitioner failed to fairly present his ineffective assistance claim to the Nevada state courts for review, and it is procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). In his state petition for writ of habeas corpus, Petitioner asserted that appellate counsel was ineffective for failing to raise instances of ineffective assistance of trial counsel, including trial counsel's acquiescence to an "illegal stipulation." Petitioner failed to raise the claim that he now presents in his amended federal habeas petition—that appellate counsel was ineffective based on counsel's failure to raise a substantive due process challenge to the jury waiver stipulation. *See Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (ruling that a petitioner who initially presented an ineffective assistance claim could not later add unrelated alleged instances of

2

counsel's ineffectiveness to the claim); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (en banc) (declining to entertain various permutations of a petitioner's ineffectiveness claim when the state Supreme Court ruled that his failure to appeal those claims was grounds for procedural default).

Petitioner filed a supplemental petition for writ of habeas corpus in state court to exhaust his ineffective assistance of appellate counsel claim as it related to substantive due process. However, the state district court denied his supplemental petition as untimely and successive, and the Nevada Supreme Court affirmed, concluding that Petitioner failed to demonstrate cause and prejudice to overcome the default.

On this record, we conclude that the district court erred in holding that Petitioner raised his ineffective assistance of appellate counsel substantive due process claim in his "first state habeas action," and in concluding that the Nevada Supreme Court ruled on the merits of the claim without discussion or analysis. The Nevada Supreme Court failed to discuss or analyze this claim when addressing Petitioner's post-conviction appeal because the claim was not presented to the Nevada courts. Moreover, Petitioner fails to demonstrate the cause and prejudice required to overcome the procedural default of the claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("[When] a state prisoner has defaulted his federal claims in state court … federal habeas review of the claims is barred unless

3

the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law").

We also reject Petitioner's argument that his ineffective assistance of *trial* counsel claim (ground two) can overcome the default of his ground one substantive due process claim. Even under de novo review, our analysis of counsel's performance is deferential, for "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Visciotti v. Martel*, 862 F.3d 749, 769 (9th Cir. 2016) (internal quotation marks and citation omitted). Applying these standards, we agree with the Nevada court's conclusion that trial counsel's decision to enter into the agreed stipulation did not fall below an objective standard of reasonableness. The stipulation prevented the jury from learning about Petitioner's prior DUI convictions, which would have been devastating to Petitioner at trial. Petitioner was personally canvassed about the stipulation and stated that he understood it and had discussed it with his attorneys. The stipulation was entered into as a result of Petitioner's counsel's efforts to sever the charges for trial. Although the stipulation had the effect of waiving Petitioner's right to jury trial on one charge, under the circumstances, the waiver could be sound trial strategy. *See id.* at 770 (rejecting claim of ineffective assistance of counsel on de novo review because, even though courts have recognized that defense counsel's failure to object to exclusion of

4

public during jury selection constitutes ineffective assistance of counsel, those court decisions "do not foreclose the possibility that in specific instances, counsel's choice not to object to closure of trial proceedings might be sound trial strategy.").

**REVERSED and REMANDED**.